COMMONWEALTH of Pennsylvania,
Appellee,

v.

William D. DEWEY, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 15, 2012.
Filed Nov. 26, 2012.

Mary V. Deady, Wilkes Barre, for appellant.

Stefanie J. Salavantis, District Attorney, Wilkes Barre, for Commonwealth, appellee.

BEFORE: PANELLA, J., OTT, J., and STRASSBURGER, J.*

* Retired Senior Judge assigned to the Superior Court.

OPINION BY PANELLA, J.

Appellant, William D. Dewey, appeals from the order entered January 20, 2012, by the Honorable Tina Polachek Gartley, Court of Common Pleas of Luzerne County, which denied his petition to modify the conditions of his probation and parole. We affirm.

The trial court summarized the pertinent facts and procedural history as follows:

> [Dewey] was charged with Statutory Sexual Assault, 18 [PA.CONS.STAT.ANN.] § 3122.1, Corruption of Minors, 18 [PA.CONS.STAT.ANN.] § 6301(a)(1), and Sell/Furnish Liquor to a Minor, 18 [PA. CONS.STAT.ANN. § 6310.1(a) ] on or about May 27, 2009. The charges stem from an incident on April 6, 2008, where [Dewey], who at the time was twenty-three (23) years old, contacted the fifteen (15) year old victims, indicating that he had cigarettes and alcohol and asked to meet the victims. [Dewey] met the victims, purchased cigarettes and provided the victims with a bottle of vodka. [Dewey] took the victims to a residence in Franklin Township, Luzerne County, Pennsylvania and engaged in sexual intercourse with one of the female victims. A few weeks later, the victim learned that she was pregnant and subsequent DNA testing confirmed [Dewey's] paternity.
>
> On April 7, 2010, [Dewey] entered a guilty plea to the charge of Corruption of Minors and . . . a plea of [*nolo contendere* ] to the charge of Sell/Furnish Alcohol to Minors, with the remaining charges being withdrawn pursuant to a plea agreement with the Luzerne County District Attorney's Office. On June 6, 2010, [Dewey] was sentenced to six (6) months to twelve (12) months incarceration, followed by two (2) years probation on the charge of Corruption of Minors. [Dewey] was also sentenced to one (1) years of probation, consecutive to count one (1) on the charge of Sell/Furnish Alcohol to Minors. As one of the conditions of [Dewey's] parole, [he] shall have no unsupervised contact with minors. On January 25, 2011, [Dewey] appeared before [the lower court] on his Petition for Parole and said Petition was granted. [Dewey] was again prohibited from having unsupervised contact with minors as a condition of his parole. Among other conditions of [Dewey's] parole, the Order . . . provided that [he] shall have no unsupervised contact with minors as well as Luzerne County Adult Probation & Parole shall supervise [Dewey] during visitation with his minor child.
>
> On or about December 30, 2011, [Dewey] filed a Petition to Modify Order Granting Probation and Parole, seeking to modify his condition of Probation and Parole by eliminating the prohibition on unsupervised contact with minor children. [The lower court] held a hearing on January 20, 2012 and entered an Order denying [Dewey's] Petition to Modify Order Granting Probation and Parole. [Dewey] filed a Notice of Appeal on or about February 10, 2012 and filed a Concise Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P. 1925(b) on or about March 6, 2012.

Trial Court Opinion, 5/3/12, at 1–2.

On appeal, Dewey raises the following issues for our review:

A. WHETHER THE COURT ERRED IN REFUSING TO ALLOW THE GUARDIAN *AD LITEM* OF THE MINOR CHILD TO TESTIFY AT THE HEARING ON THE PETITION TO MODIFY?

B. WHETHER THE COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S PETITION TO MODIFY HIS CON-

DITIONS OF PROBATION AND PAROLE THAT HE NOT HAVE UNSUPERVISED CONTACT WITH MINORS?

Appellant's Brief, at 4.

■ We will first address Dewey's second issue raised on appeal, as we find it dispositive. Dewey premises this claim upon the argument that the trial court erred when it imposed as a condition of Dewey's parole/probation[1] that he be prohibited from having any unsupervised contact with minors, and in particular, that the Luzerne County Adult Probation and Parole Department shall supervise Dewey during visitation with his minor child. Dewey argues that "the trial court abused its discretion in that the evidence established that the condition of probation that [he] not have unsupervised contact with minors was unreasonable and not related to his rehabilitation or the safety of the public." Appellant's Brief at 15. This claim raises a challenge to the discretionary aspects of Dewey's sentence.[2] *See Commonwealth v. Fullin,* 892 A.2d 843 (Pa.Super.2006).

■ Preliminarily, we must determine whether Dewey has the right to seek permission to appeal the court's exercise of its discretion. *See Commonwealth v. Moury,* 992 A.2d 162, 170 (Pa.Super.2010). When an appellant challenges the discretionary aspects of his sentence, we utilize a four-part test to determine:

(1) whether appellant has filed a timely notice of appeal, *see* Pa. R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa. R.Crim. P. [720]; (3) whether appellant's brief has a fatal defect, Pa. R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa. Cons.Stat.Ann. § 9781(b).

*Id.* (internal citations omitted).

Herein, at sentencing, the trial court imposed the condition that Dewey have "no unsupervised contact w[ith] minors until report." Sentencing Order, 6/8/10. Although it is unclear from the record, we assume the report in question refers to the order that Dewey undergo a mental health evaluation. *See id.* When Dewey was granted parole on January 25, 2011, the prohibition of unsupervised contact with minors was made an explicit condition of parole. *See* Order, 4/1/11 at ¶ 11. The condition that the Luzerne County Adult Probation and Parole Department shall supervise Dewey during visitation with his minor child was also added at this time. *Id.* at ¶ 13. Notably, neither condition was contingent upon the completion of a mental health evaluation, nor was the evaluation listed as a separate condition of Dewey's parole/probation.

■ Pursuant to our decision in *Moury* and Pa.R.Crim.P. 720, **Post–Sentence Procedures; Appeal,** Dewey had ten days from the imposition of sentence to file a

---

1. We note at the outset that as Dewey maxed out his sentence on or about June 6, 2011, he is no longer on parole, but is serving the probationary tail of his sentence. However, as the conditions of probation are examined under the same standards as conditions of parole, *see* 42 Pa. Cons.Stat.Ann. §§ 9755(d) and 9754, this development does not alter our analysis.

2. Notably, Dewey does not dispute that the condition is authorized under the sentencing code, but rather contests the reasonableness of the condition given the facts of the case. *See* Appellant's Brief at 15. *Cf. Commonwealth v. Wilson,* 11 A.3d 519, 524 (Pa.Super.2010)(finding claim that trial court imposed condition of probation for which it had no statutory authority constituted challenge to the legality of sentence)(*en banc* ) (Opinion in Support of Affirmance by Panella, J.).

post-sentence motion in order to preserve his challenge to the discretionary aspects of his sentence. Dewey did not file his petition until on or about December 30, 2011, well beyond the June 8, 2010 sentencing order, as well as the order of April 1, 2011 establishing the conditions of Dewey's parole or the start of the probationary tail of his sentence. By any measure, Dewey did not file a timely motion challenging the discretionary aspects of his sentence, nor did he object at sentencing.[3] Accordingly, we are constrained to find Dewey has waived his challenge on appeal.[4]

■ Even if we were to address Dewey's challenge to the discretionary aspects of his sentence and find that it raised a substantial question on appeal, we would afford no relief. In imposing an order of probation, a court may require a defendant "[t]o satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." 42 PA. CONS.STAT.ANN. § 9754(c)(13). Dewey argues that "the condition of probation restricting [his] parental rights to supervised visits with his daughter impacts his fundamental rights as a parent." Appellant's Brief at 17. In rejecting this argument, the trial court noted "the condition of sentence and parole does not impede any grant of custody or visitation by the family court as [Dewey] can and does have supervised visitation." Trial Court Opinion, 5/3/12 at 5. We agree, and would have found that based upon the underlying crimes with which Dewey was charged, the conditions set on

Dewey's sentence and parole are reasonably related to his rehabilitation and not unduly restrictive of his liberty as required under 42 PA. CONS.STAT.ANN. § 9754(c)(13). Accordingly, we would have found no abuse of the sentencing court's discretion.

Order affirmed.

---

**3.** Dewey's argument against the conditions requiring supervised contact with minors and supervised visitation with his minor daughter is premised in part upon a Psychological Evaluation which Dewey argues recommended he have unsupervised visitation with his minor child. Appellant's Brief at 17. The report, dated February 12, 2010, precedes both the sentencing order requiring a mental health evaluation as well as the April 1, 2011 order establishing the conditions of parole. Therefore, we are uncertain of the report's relevance to the instant proceedings.

**4.** Our disposition of this second issue renders the first issue Dewey raised on appeal moot.