J-S27032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SARA ALVISO | |
| Appellant | No. 1539 WDA 2013 |

Appeal from the Judgment of Sentence entered September 4, 2013
In the Court of Common Pleas of Jefferson County
Criminal Division at Nos: CP-33-CR-0000587-2010,
CP-33-CR-0000449-2012,

BEFORE:  GANTMAN, P.J., ALLEN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 07, 2014**

Appellant, Sara Alviso, appeals from the judgment of sentence the Court of Common Pleas of Jefferson County entered September 4, 2013, after revoking her probation/parole.  Appellant argues the sentencing court abused its discretion by imposing an excessive aggregate sentence and for failing to adequately state its reasons for the sentence.[1]  Upon review, we affirm.

_____

[1] In her statement of questions involved on appeal, Appellant seems to challenge only the length of the sentence; in the argument section, however, Appellant raises an additional claim, not mentioned or suggested in the statement of questions involved (*i.e.*, trial court's failure to adequately state the reasons for the sentence).  Counsel is encouraged to more carefully review Pa.R.A.P. 2116(a) (no question will be considered unless stated in statement of questions involved or fairly suggested thereby), and the
*(Footnote Continued Next Page)*

The underlying factual and procedural facts of this matter are not at issue here. Briefly, following probation/parole violations (*i.e.*, failure to report and failure to make required payments), Appellant was resentenced to, *inter alia*, a term of 1 to 2 years in a state correctional institution at docket number CR-587-2010, and a consecutive sentence of 1½ to 3 years in a State Correctional Institution, at docket number CR-449-2012.

Appellant argues the trial court imposed an excessive aggregate sentence given the nature of the parole/probation violations and the original offenses.[2] Appellant's Brief at 8. Specifically, Appellant contends "the consecutive sentences imposed by the lower court, which aggregate to two and one-half (2½) to five (5) years in a State Correctional [Institution] are excessive." *Id.* Appellant also argues the "[trial c]ourt failed to state adequate reasons for the severity of the sentence." *Id.* Appellant argues

*(Footnote Continued)* ————————————

consequences generally resulting from failing to adequately state the issues involved in the statement of questions involved. ***See***, ***e.g.***, ***Commonwealth v. Fremd***, 860 A.2d 515, 523-24 (Pa. Super. 2004) ("In his brief, appellant also argues that the police conduct was so outrageous as to bar conviction even if entrapment is not found. Appellant failed to raise this issue in the 'Statement of Questions Involved' portion of his appellate brief and it is, therefore, waived.").

[2] At docket number CR-587-2010, Appellant pled guilty to theft by unlawful taking (M2), and sentenced to a term of incarceration of 30 days to a maximum of 1 year in the Jefferson County Jail; at docket number CR-449-2012, Appellant pled guilty to theft by unlawful taking (M1), and sentenced to two years' probation.

the sentences should be vacated and the case remanded for more appropriate sentencing. *Id.* We disagree.

Appellant's issues challenge the trial court's sentencing discretion. To preserve a challenge to the discretionary aspects of a sentence, an appellant must file timely notice of appeal, preserve the argument in a timely post-sentence motion or orally at sentencing, include a Pa.R.A.P. 2119(f) statement in the appellate brief, and raise a substantial question. *Commonwealth v. Dewey*, 57 A.3d 1267, 1269 (Pa. Super. 2012). Here, it is undisputed Appellant timely filed a notice of appeal, timely filed a post-sentence motion raising the discretionary issues, and included a Pa.R.A.P.2119(f) statement in his brief. The only issue is whether he raised a substantial question for our review.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *See Commonwealth v. Paul*, 925 A.2d 825 (Pa. Super. 2007). "A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quotation and quotation marks omitted).

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

Appellant merely states the aggregate sentence is excessive considering that the original "charges" were both misdemeanors and that the parole/probation violations were "not so serious." Appellant's Brief at 8. Appellant fails to articulate "the existence of a substantial question by

advancing a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the sentencing code or violated a fundamental norm of the sentencing process." ***Commonwealth v. Kalichak***, 943 A.2d 285, 289-90 (Pa. Super. 2008). We conclude, therefore, Appellant's claim of excessiveness does not raise a substantial question for our review. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013) ("[A] bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.") (citation omitted).

Even if we were to conclude Appellant raised a substantial question for our review, the claim is nonetheless without merit. Our standard of review of a sentencing challenge is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012) (citation omitted).

The trial court, contrary to Appellant's contention, did explain, on the record, and in its Rule 1925(a) opinion, the reasons for the sentence imposed.

[T]he [c]ourt did indeed explain its reasons for the sentence, including why it believed [Appellant] could benefit from motivational boot camp. . . . Prior to sentencing, the [c]ourt reviewed a presentence investigation report prepared by the Jefferson County Probation Department, and was adequately informed about [Appellant]. . . . The [c]ourt was also aware that her violation, while technical in nature, was a reflection of her general disregard for authority. . . . Having concluded that [Appellant]'s obstinance [sic] was occasioned at least in part by a lack of discipline and not merely a criminogenic mindset, however, the [c]ourt by including a boot camp recommendation at both cases, also afforded her the opportunity to remediate her sentence. The recommendation was wholly contrary to her current claim that the [c]ourt's sentence was manifestly unreasonable or evidenced partiality, bias, prejudice or ill-will.

Trial Court Opinion, 11/7/13, at 1-2 (citations omitted).[3]

_____

[3] The trial court, in its opinion, quoted from the notes of testimony of the sentencing hearing, where the court stated:

It's kind of one of those revocations where it doesn't – you did not commit new charges this time. . . . However, it is partially because you never complied while you were there. I know you said you had financial reasons, but you didn't do the call track. You didn't pay. So I think those violations would happen again and then since, I as I see it, you were kind of cut a break initially to do this, to go to Arizona. It's to vindicate the authority of the [c]ourt and so we don't have any more violations.

Trial Court Opinion, 11/7/13, at 1-2. The trial court also cited Section 9771(c) of the Sentencing Code, which in relevant part provide:

**(c) Limitation on sentence of total confinement.--**The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

*(Footnote Continued Next Page)*

In light of the foregoing, we conclude the trial court did not abuse its discretion in fashioning Appellant's sentence, and adequately explained on the record the reasons for the sentence imposed. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/2014

---

*(Footnote Continued)* ───────

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A § 9771(c).