**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SUKORI BUTLER | |
| Appellant | No. 3425 EDA 2013 |

Appeal from the Judgment of Sentence entered November 12, 2013
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0001002-2013

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 25, 2014**

Appellant, Sukori Butler, appeals from the judgment of sentence the Court of Common Pleas of Monroe County entered November 12, 2013.  On appeal, Appellant challenges the discretionary aspects of his sentence.  Upon review, we affirm.

The trial court summarized the factual and procedural history of this case as follows:

> On August 8, 2013, [Appellant] pled guilty to [t]erroristic [t]hreats, acknowledging and accepting responsibility for punching his girlfriend and fracturing her jaw.  At the time of the guilty plea, [Appellant] was advised that he would be sentenced on October 29, 2013.  [Appellant] failed to appear for sentencing and a bench warrant was issued on November 1, 2013.  After [Appellant] was picked up on the warrant, he was sentenced on November 12, 2013 to a period of incarceration of twelve to twenty-four month[s] and required [Appellant] to make restitution to the victim. [Appellant] filed a [m]otion for [r]econsideration of [s]entence on November 15, 2013, which was denied by

[o]rder dated November 20, 2013. Subsequently, on December 5, 2013, [Appellant] filed a [n]otice of [a]ppeal and we ordered [Appellant] to file a concise statement of issues on appeal. . . .

In his 1925(b) statement, [Appellant] appeals from the discretionary aspects of his sentence. Specifically, [Appellant] contends that we abused our discretion in sentencing [Appellant] to an aggravated range sentence and we did not explain the reasons for the sentence.

Trial Court Opinion, 1/30/14, at 1-2. This appeal followed.

On appeal, Appellant argues the "sentencing court abused its discretion in sentencing [] Appellant to a term of incarceration at a state correctional facility, and said sentence was clearly unreasonable." Appellant's Brief at 8. Specifically, Appellant argues the trial court improperly focused on the nature of the crime, and did not consider the current character of Appellant or his rehabilitative needs. Additionally, "[n]owhere did the court indicate that it was in fact sentencing Appellant outside of the guidelines and provide a contemporaneous statement of its reason for such a deviation." *Id.*

Appellant's issues challenge the trial court's sentencing discretion. To preserve a challenge to the discretionary aspects of a sentence, an appellant must file a timely notice of appeal, preserve the argument in a timely post-sentence motion or orally at sentencing, include a Pa.R.A.P. 2119(f) statement in the appellate brief, and raise a substantial question. *Commonwealth v. Dewey*, 57 A.3d 1267, 1269 (Pa. Super. 2012).

Here, it is undisputed that Appellant timely filed a notice of appeal, timely filed a post-sentence motion raising the discretionary issues, and included a Pa.R.A.P.2119(f) statement in his brief. The only issue is whether he raised a substantial question for our review.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***See Commonwealth v. Paul***, 925 A.2d 825 (Pa. Super. 2007). "A substantial question exi[sts] only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quotation and quotation marks omitted).

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013).

Our standard of review of a sentencing claim is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted). In reviewing a sentence on appeal, the appellate court

> shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases[,] the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).[1]

Appellant's claims the trial court failed to (i) consider his current character and his rehabilitative needs and (ii) provide a contemporaneous statement for deviating from sentencing guidelines. These claims raise a substantial question for our review. *See Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010); *Commonwealth v. Monahan*, 860 A.2d 180, 182 (Pa. Super. 2004). While Appellant raises substantial questions for our review, the issues are, nonetheless, without merit.

_____

[1] In *Commonwealth v. Coulverson*, 34 A.3d 135 (Pa. Super. 2011), we noted:

> In determining whether a particular sentence is 'clearly unreasonable' or 'unreasonable,' the appellate court must consider the defendant's background and characteristics as well as the particular circumstances of the offense involved, the trial court's opportunity to observe the defendant, the presentence investigation report, if any, the Sentencing Guidelines as promulgated by the Sentencing Commission, and the 'findings' upon which the trial court based its sentence.

*Id.* at 147 (citation omitted); *see also* 42 Pa.C.S.A. § 9781(d).

With regard to the first issue, the claim is meritless because the trial court had, and reviewed, a pre-sentence investigation report, which included all pertinent information for the trial court to know about Appellant's current character. "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). Regarding the rehabilitative needs, Appellant himself testified at the hearing about the importance of being close to his family and accountability. The trial court took into account both matters, but declined to sentence Appellant to a county sentence. **See** N.T. Sentencing, 11/12/13, at 3-4, 9. Therefore, we find no merit to Appellant's contention the trial court failed to consider either his current character or rehabilitative needs. Additionally, Appellant failed to provide any authority for the proposition the trial court abused its sentencing discretion simply because it disagreed with Appellant regarding the assessment of his character or rehabilitative needs.

The second issue is similarly without merit, for two reasons. First, Appellant was not sentenced outside the sentencing guidelines; rather, his sentence fell within the aggravated range. Second, the trial court clearly stated in open court, on the record, and in Appellant's presence, why it

imposed a sentence in the aggravated range (*i.e.*, Appellant tested positive for marijuana at the time of the presentence investigation). **See** N.T. Sentencing, 11/12/13, at 10; **see also** 42 Pa.C.S.A. § 9721(b).[2] The trial court also considered, but rejected, Appellant's argument for a mitigating circumstance (he punched victim only once). The trial court explained that victim suffered a significant amount of damage (broken jaw). N.T. Sentencing, 11/12/13, 9-10; **see also** Trial Court Opinion, 1/30/14, at 2-3. The claim is, therefore, without merit.

_____

[2] Section 9721(b) provides:

> In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence or resentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing under sections 2154 (relating to adoption of guidelines for sentencing), 2154.1 (relating to adoption of guidelines for county intermediate punishment), 2154.2 (relating to adoption of guidelines for State intermediate punishment), 2154.3 (relating to adoption of guidelines for fines), 2154.4 (relating to adoption of guidelines for resentencing) and 2154.5 (relating to adoption of guidelines for parole) and made effective under section 2155, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission, as established under section 2153(a)(14) (relating to powers and duties).

42 Pa.C.S.A. § 9721(b).

Accordingly, we conclude the trial court did not abuse its discretion in sentencing Appellant in the aggravated guidelines range.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2014