J-S39010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MILTON RAY FRISBIE | |
| Appellant | No. 1389 MDA 2015 |

Appeal from the Judgment of Sentence entered July 2, 2015
In the Court of Common Pleas of Bradford County
Criminal Division at No: CP-08-CR-000864-2014

BEFORE: STABILE, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STABILE, J.: **FILED JULY 25, 2016**

Appellant, Milton Ray Frisbie, appeals from the July 2, 2015 judgment of sentence imposing six months to twenty-three months and twenty-nine days of incarceration followed by twenty-four months of probation after Appellant pled *nolo contendere* to felony and misdemeanor indecent assault.[1] We affirm.

The two minor victims were Appellant's step-grandchildren. The Commonwealth accused Appellant of groping both victims in the vaginal area. Appellant assaulted one of the two victims when she appeared to be asleep. Both offenses occurred in the home Appellant shared with his wife,

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3126(a)(7) and (b)(3).

the victims' grandmother. Appellant entered his *nolo contendere* plea on March 27, 2015, and the trial court sentenced Appellant on July 2, 2015. Appellant's sole argument is that the trial court abused its sentencing discretion in forbidding Appellant to have any contact with any person under the age of eighteen during the term of Appellant's probation. Appellant argues the probation condition is draconian, not necessary for the protection of the public, "possibly" in conflict with Appellant's program of sex offender treatment. Appellant's Brief at 3.

To preserve a challenge to the trial court's sentencing discretion, an appellant must raise the issue in a timely post-sentence motion, file a timely notice of appeal, include in his brief a Pa.R.A.P. 2119(f) statement, and explain in the 2119(f) statement why the challenge presents a substantial question in accord with 42 Pa.C.S.A. § 9781(b). **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011). Appellant has complied with the procedural requirements. We must therefore assess whether Appellant's Pa.R.A.P. 2119(f) statement presents a substantial question. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013).

Appellant argues that forbidding any contact—supervised or otherwise—with minors violates 42 Pa.C.S.A. § 9754(c)(13), which states that probation conditions must not be unduly restrictive of the defendant's liberty. Appellant's Brief at 4. Appellant asserts this condition will separate him from his family—which includes children under age 18—and community support. *Id.* at 4-5. Also, as noted above, Appellant believes his inability to have contact with minors could hinder his rehabilitation. The Commonwealth argues that a bald assertion that the restriction is unduly restrictive of Appellant's liberty fails to raise a substantial question. Commonwealth's Brief at 2.

We have held that a sentencing court's alleged failure to consider an offender's rehabilitative needs does not raise a substantial question. ***Commonwealth v. Haynes***, 125 A.2d 800, 807 (Pa. Super. 2015). To raise a substantial question, the offender must assert that the sentence is inconsistent with a specific provision of the Sentencing Code. Here, Appellant does not baldly assert that the sentencing court failed to consider his rehabilitative needs. He argues that the trial court's sentence violates § 9754(c)(13), as the prohibition on contact with minors will deprive him of family and community support. We conclude this is sufficient to raise a substantial question. ***See Commonwealth v. Fullin***, 892 A.2d 843, 853 (Pa. Super. 2006) (noting that an alleged inconsistency with § 9754 raises a substantial question).

We review the merits of Appellant's argument as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006). "A probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserving the rights of law-abiding citizens to be secure in their persons and property." *Commonwealth v. Koren*, 646 A.2d 1205, 1208 (Pa. Super. 1994). The trial court has discretion to order any reasonable conditions. *Id.* at 1209.

Appellant relies on *Commonwealth v. Houtz*, 982 A.2d 537 (Pa. Super. 2009). There, the court forbade the defendant to access the internet or have access to a computer. *Id.* at 540. The sentence resulted from the defendant's guilty plea to corruption of a minor and indecent assault. *Id.* at 537. The defendant argued that the restriction was unreasonable because there was no evidence she used a computer or the internet to further her crimes. *Id.* at 540. Furthermore, the defendant noted her receipt of food stamps and medical benefits was conditional on her continued search for employment through an online career search service. *Id.* This Court agreed

and concluded the condition was punitive and not related to the defendant's rehabilitative needs or her underlying offense. *Id.* at 541.

In *Commonwealth v. Dewey*, 57 A.3d 1267 (Pa. Super. 2012), the sentencing court forbade the defendant to have unsupervised contact with minors after the defendant pled guilty to corruption of minors and furnishing alcohol to minors. *Id.* at 1268. The defendant sought to remove that condition, arguing it was not related to his rehabilitative needs or the safety of the public. *Id.* at 1269. This Court held that the defendant failed to file a timely post-sentence motion, thus rendering the remainder of its opinion *dicta*. *Id.* at 1269-70. The *Dewey* Court went on to opine that the condition was reasonable. *Id.* at 1270. Appellant relies on *Dewey* because the defendant was permitted supervised contact with minors. Appellant argues that supervised contact with minors would be more reasonable in this case.

Appellant's reliance on *Houtz* and *Dewey* is misplaced. In *Houtz*, this Court found the defendant's lack of access to the internet and a computer unreasonable because the defendant did not use a computer to commit her offenses, and because the lack of internet access would jeopardize her ability to obtain food stamps and medical insurance for her family. Instantly, the probation condition is directly related to Appellant's offense. He victimized two girls under age 18, and now he is prohibited from any contact with persons under age 18. Appellant's argument that the

condition restricts his contact with his family is unpersuasive, as both victims were Appellant's step-granddaughters. This Court's alternative holding in *Dewey*—that supervised contact with minors was a reasonable probation condition—does not imply that total elimination of contact with minors is unreasonable. Sentencing courts have discretion to tailor a sentence to the unique circumstances of each case. Here, unlike *Dewey*, the sentencing court was faced with multiple instances of sexual assault. The sentencing court reasoned:

> [Appellant] complains that he is unable to have contact with his grandchildren and step-grandchildren as a result of this prohibition [on contact with minors]. The condition is meant for rehabilitative purposes. In light of the fact the criminal charges of indecent assault and corruption of minors arose from [Appellant's] taking advantage of and molesting his step-grandchildren staying in his home, prohibiting [Appellant] from having contact with any child is rationally related to the rehabilitative goals. […] [Appellant] has a large family with numerous grandchildren and stepchildren. The prohibition preserving [sic] the rights of those children to be secure in their persons so as not to become a victim of [Appellant]. Until [Appellant] is hopefully rehabilitated after completing the other conditions of his probation, which include a sex offender evaluation and counseling and treatment as may be recommended, [Appellant] should not have any contact with children.

Trial Court Opinion, 12/29/15, at 3 (pagination ours).

In light of all of the foregoing, we conclude the trial court acted within its permissible discretion in imposing the conditions of probation. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Platt joins this memorandum.

Judge Strassburger files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2016