J-S48014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| BRAD M. CONCORDIA | : | |
| Appellant | : | No. 177 MDA 2017 |

Appeal from the Judgment of Sentence December 27, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000037-2016

BEFORE:   OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:               **FILED SEPTEMBER 27, 2017**

Brad M. Concordia appeals from the judgment of sentence imposed December 27, 2016, in the Berks County Court of Common Pleas.  The trial court sentenced Concordia to an aggregate term of three to 23 months' incarceration, followed by five years' probation, after finding him guilty of home improvement fraud, theft by deception, and receiving stolen property.[1] The court also imposed a condition during the incarceration portion of the sentence which prohibited Concordia from engaging in any home improvement or residential construction work during that period, and directed him to surrender his professional or business licenses related

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 73 Pa.S. § 517.8, and 18 Pa.C.S. §§ 3922(a)(1) and 3925(a), respectively.

thereto. On appeal, Concordia argues the sentence imposed is manifestly excessive under the circumstances, and the trial court erred in imposing the condition that he not "engage in any home improvement or residential construction business enterprise and to surrender [any] professional or business license" he holds. Concordia's Brief at 10. For the reasons below, we affirm.

The facts underlying Concordia's conviction are well-known to the parties and we need not recite them herein. In summary, the trial court found Concordia took a deposit for construction work from a customer, but did not intend to complete the work or return the deposit.[2] Following a waiver trial on December 14, 2016, the court found Concordia guilty of the

_____

[2] Section 517.8 of the Home Improvement Consumer Protection Act provides, in relevant part:

> (a) Offense defined.--A person commits the offense of home improvement fraud if, with intent to defraud or injure anyone or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
>
> * * * *
>
> (2) receives any advance payment for performing home improvement services or providing home improvement materials and fails to perform or provide such services or materials when specified in the contract taking into account any force majeure or unforeseen labor strike that would extend the time frame or unless extended by agreement with the owner and fails to return the payment received for such services or materials which were not provided by that date[.]

73 P.S. § 517.8(a)(2).

above offenses. On December 27, 2016, the trial court sentenced Concordia to a term of three to 23 months' imprisonment for home improvement fraud, followed by a consecutive five years' probation.[3] As part of the incarceration portion of the sentence, the trial court also imposed the following condition:

> [Concordia] shall not engage in any home improvement or residential construction business enterprise and shall surrender any professional or business license which he holds individually or through any business enterprise related to construction to the appropriate State agency who issued such license.

N.T., 12/27/2016, at 23-24. The court specifically stated the restriction on Concordia's license and employment applied only to the first portion of his sentence, and not to his probationary period.[4] *See id.* at 24.

On January 24, 2017, Concordia, represented by new counsel, filed a petition for leave to file post-sentence motions *nunc pro tunc*, as well as a motion for modification of sentence. On January 25, 2017, the court granted Concordia permission to file his post-sentence motion *nunc pro tunc*, but denied the motion for modification. This timely appeal followed.[5]

---

[3] The trial court determined the remaining two charges merged for sentencing purposes. *See* N.T., 12/27/2016, at 3-5.

[4] In its opinion, the trial court explained "the provision was clearly meant to apply to the period of time when [Concordia] is likely to be on parole." Trial Court Opinion, 3/23/2017, at 6.

[5] On January 27, 2017, the trial court ordered Concordia to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After requesting, and being granted, a petition for extension of time, Concordia complied with the court's directive on March 21, 2017.

In Concordia's first issue, he challenges the discretionary aspects of his sentence.[6] A challenge to the discretionary aspects of a sentence is not absolute, but rather, "must be considered a petition for permission to appeal." ***Commonwealth v. Best***, 120 A.3d 329, 348 (Pa. Super. 2015) (quotation omitted). In order to reach the merits of such a claim, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Edwards***, 71 A.3d 323, 329-330 (Pa. Super. 2013) (quotation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

In the present case, although Concordia filed a timely appeal, and preserved his objection to his sentence in a post-sentence motion, he failed to include in his brief a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). This Court has explained:

> [W]hen the appellant has not included a Rule 2119(f) statement and the [Commonwealth] has not objected, this Court may ignore the omission and determine if there is a substantial

---

[6] Concordia includes two challenges to the discretionary aspects of his sentence in his brief. ***See*** Concordia's Brief at i-ii. However, the argument in his third claim is a verbatim copy of the argument in his first claim. ***See id.*** at 17-18. Indeed, he begins by stating, "Appellant would reassert the argument presented above." ***Id.*** at 17.

question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte*, *i.e.*, deny allowance of appeal. However, this option is lost if the [Commonwealth] objects to a [Rule] 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

**Commonwealth v. Kiesel**, 854 A.2d 530, 533 (Pa. Super. 2004) (internal citations omitted). Here, as noted above, Concordia failed to include the requisite Rule 2119(f) statement in his brief; moreover, the Commonwealth has objected to this omission. **See** Commonwealth's Brief at 7-8. Accordingly, we are precluded from considering this claim on appeal. **Kiesel**, **supra**.

In his second issue, Concordia contends the trial court had no authority to prohibit him from engaging in any home improvement or residential construction business enterprise during the incarceration portion of his sentence. **See** Concordia's Brief at 15. Although Concordia did not include this issue in his post-sentence motion *nunc pro tunc*, this claim implicates the legality of his sentence, and may be raised for the first time on appeal. **See Commonwealth v. Mears**, 972 A.2d 1210, 1211 (Pa. Super. 2009) (finding challenge to the trial court's "statutory authority for the imposition of a condition of sentence, [] is a challenge to the legality of the sentence"). **But see Commonwealth v. Dewey**, 57 A.3d 1267 (Pa. Super. 2012) (finding challenge to the reasonableness of a parole condition, rather than statutory authorization for the condition, implicates discretionary aspects of sentence).

When considering a legality of sentencing issue, we must bear in mind the following:

> If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Mears*, *supra*, 972 A.2d at 1211, *quoting* **Commonwealth v. Leverette**, 911 A.2d 998, 1001-1002 (Pa. Super. 2006).

Here, the trial court, in its Rule 1925(a) opinion, stated its belief that the condition imposed on Concordia's sentence forbidding him from working in the home improvement field while on parole, was without statutory authority and, therefore, illegal. The court explained:

> First, while the Court is provided significant latitude in special conditions during probation so long as those provisions are "reasonably calculated to aid in the defendant's rehabilitation," this latitude only applies for issues arising in probationary sentences. Here, the condition forbidding [Concordia] from working in the home improvement field was not imposed on a term of probation. Instead, it was part of the initial period of incarceration.
>
> Second, the provision was clearly meant to apply to the period of time when [Concordia] is likely to be on parole. However, the Pennsylvania Board of Probation and Parole has exclusive authority in determining the conditions of parole. **See** 61 Pa.C.S. § 6132; **Commonwealth v. Coulverson**, 34 A.3d 135, 141 (Pa. Super. 2011). The Court had no authority in this matter and any condition that could have been imposed by the Court would have only been advisory. [] **Mears**, 972 A.2d [at] 1212[.] It is therefore evident that the Court exceeded its authority by imposing this condition.
>
> Third, a court may not impose special conditions of parole when no statutory authority for such condition exists. **Mears**,

972 A.2d at 1211. Instantly, no provision of the statute or the sentencing code would have permitted the Court to totally exclude [Concordia] from the home improvement field. However, the Court was permitted by the legislature to "revoke or suspend the certificate," as [Concordia] impliedly acknowledges. Therefore, while we had discretion to revoke the relevant certificates, the Court was in error when we barred [Concordia] from working in the home improvement field in any capacity.

Because no statute provides the Court with the authority to impose a condition completely banning [Concordia] from the home improvement field, this provision in our sentencing was illegal. Therefore, we request that the Superior Court vacate this provision, but preserve the special condition that forbids [Concordia] from holding certificates in the field during his period of incarceration.

Trial Court Opinion, 3/23/2017, at 5-6.

The Commonwealth asserts, however, the trial court did have statutory authority to impose a condition on the incarceration/parole portion of the sentence because Concordia's maximum term of imprisonment was less than two years (*i.e.*, 23 months). **See** Commonwealth's Brief at 12-15. We agree.

"[I]t is well settled that the Pennsylvania Board of Probation and Parole has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years[.]" **Commonwealth v. Camps**, 772 A.2d 70, 74 (Pa. Super. 2001). **See** 61 Pa.C.S. § 6132(a). However, the Board's authority does not "extend to persons sentenced for a maximum period of less than two years[.]" 61 Pa.C.S. § 6132. When the defendant's maximum sentence is less than two years, parole authority remains with the trial court. **Commonwealth v.**

*Finley*, 135 A.3d 196, 199 (Pa. Super. 2016).  Accordingly, we conclude the trial court, herein, had the statutory authority to impose a reasonable condition on Concordia's parole.  Therefore, Concordia is not entitled to relief on this basis.

Furthermore, to the extent Concordia also asserts the home improvement fraud statute does not provide the court with the authority to impose such a condition, we find this argument unpersuasive.  *See* Concordia's Brief at 15.  As Concordia concedes, Subsection 517.8(c)(6) of the Home Improvement Consumer Protection Act provides, in pertinent part, that "[i]n addition to any other penalty imposed by this act, the court may revoke or suspend" the defendant's "certificate of registration as a contractor."  73 P.S. §§ 517.8(c)(2), and 517.2.  In fact, the court did so in the present case.  *See* N.T., 12/27/2016, at 24.  However, pursuant to Section 9755 of the Sentencing Code, a trial court, when imposing a sentence of partial confinement, may "include in its order such of the conditions as are enumerated in section 9754 … as may be reasonably related to the sentence."  42 Pa.C.S. § 9755(d).  Section 9754 provides a comprehensive list of conditions a trial court may impose on a defendant's sentence, including the following catch-all:  "The court may as a condition of its order require the defendant … [t]o satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience."  42 Pa.C.S. § 9754(c)(13).  Therefore, the trial court had the statutory authority

to prohibit Concordia from working in the home improvement business during the incarceration/parole portion of his sentence, so long as the court believed the condition was reasonably related to Concordia's rehabilitation.

We note Concordia does not specifically claim that this was not so, or that the condition was "unduly restrictive to his liberty or incompatible with his freedom of conscience." *Id.* Moreover, even if he had, a dispute as to the reasonableness of a court-ordered condition imposed on a defendant's parole or probationary sentence is a challenge to the discretionary aspects of the sentence. *Dewey*, *supra*, 57 A.3d at 1269 n.2. Here, because Concordia failed to (1) challenge the reasonableness of this condition in his post-sentence motion *nunc pro tunc*, and (2) include a Rule 2119(f) statement in his brief, any such claim would have been, in any event, waived on appeal. *See supra* at 4-5.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2017