J-S28023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM PAUL DROZGINSKI | : | |
| | : | |
| Appellant | : | No. 1526 MDA 2019 |

Appeal from the Order Entered August 21, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000098-2017

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                                **FILED JULY 28, 2020**

Appellant, William Paul Drozginski, appeals from the order entered on August 21, 2019.  We affirm.

On September 25, 2017, Appellant pleaded guilty to 17 counts of sexual abuse of children.  Specifically, Appellant pleaded guilty to ten counts of possessing child pornography and seven counts of disseminating photographs of children engaging in sexual acts.[1]  As part of his plea, Appellant agreed "to have no unsupervised contact [with] minors [and] where minors frequent[, such as] schools, school zones, parks, pools, libraries[,] etc."  Written Plea Agreement, 9/25/17, at 1 (emphasis omitted).

On December 28, 2017, the trial court sentenced Appellant to serve a term of 12 months (less-one-day) to 24 months (less-two-days) in jail,

_____

[1] 18 Pa.C.S.A. §§ 6312(d) and 6312(c), respectively.

followed by four years of probation, for his convictions. N.T. Sentencing Hearing, 12/28/17, at 17-18. The trial court further ordered that, as a condition of Appellant's probation and "[p]ursuant to the plea agreement, [Appellant is] ordered to have no unsupervised contact with minors." *Id.* at 18-20. Appellant did not file a direct appeal from his judgment of sentence.

On February 15, 2019, Appellant filed a motion to modify the terms of his probation (hereinafter "Appellant's Motion" or "Appellant's Motion to Modify Probation"). Within Appellant's Motion, Appellant claimed:

> 2. [Appellant] was paroled on December 25, 2018. . . .
>
> 3. Certain conditions were made part of [Appellant's] sentence[,] namely that he have only []supervised contact with minors. . . .
>
> 4. [Appellant] is a parent of two minor children[.]
>
> 5. . . . [Appellant] was recently released from jail [and] awaits being called back to his job as a union electrician. Such a delay in his reaching of gainful employment causes him to be at home while he awaits his next job[.]
>
> 6. Because of the conditions set by the [trial court,] permitting [Appellant] only to have supervised contact with minors, he is unable to be with his minor children without supervision[.]
>
> 7. No accusations have been brought against [Appellant] that he has ever engaged in any type of physical abuse of any children[,] particularly his own[.]
>
> 8. The family has resorted to after school care[,] which cost[s] approximately $800.00 per month since [Appellant] is not permitted to be with his own children [alone.]

9. Since [Appellant] has not acted out against any children in his past, the condition of supervised visitation regarding his own children is unwarranted[.]

10. [Appellant] seeks [the trial court to] lift the requirement of supervised contact with his own children, but will readily accept that condition for any other minor children[.]

Appellant's Motion to Modify Probation, 2/15/19, at 1-2.

On February 20, 2019, the trial court scheduled a hearing on Appellant's Motion. *See* Trial Court Order, 2/20/19, at 1. However, during the April 11, 2019 hearing, Appellant presented no evidence. Instead, Appellant's counsel simply presented argument that Appellant is not "a danger to his children" and that the probationary condition of no unsupervised contact with minors is a hardship to Appellant because it is "difficult[] picking kids up from school, baby-sitting, [and] watching them" with the condition. *See* Hearing, 4/11/19, at 2. The Commonwealth countered by arguing:

I agree with [Appellant's counsel] that there's no allegation that he was physically touching children. I disagree that it means he's not a harm to unsupervised children. I would note for the [trial court] the images that he was viewing were preteen girls and adult males. So I have concern with the fact that he has two daughters that are now in that range.

He also mentioned when he was specifically asked if he had touched anyone in this [case], he said, no. He said, I do play a tickle game with my daughters. And I find it interesting that he immediately brought that up when asked. I have concerns with him being unsupervised with – he admits to a sexual proclivity for underage girls, and he would be unsupervised with two underage girls. All of the images were of adult males with underage girls.

*Id.* at 5-6.

- 3 -

On August 21, 2019, the trial court denied Appellant's Motion. Trial Court Order, 8/21/19, at 1. Appellant filed a timely notice of appeal. He raises one claim to this Court:

> Did the trial court [err] as a matter of law or abuse its discretion, under 42 Pa.C.S.A. § 9771(a) [and] (d) and § 9754(c), by declining to amend the condition of Appellant's probation that he have "no unsupervised contact with minors" to exclude his own children from that condition so that he might have unsupervised contact with his own children in that the current condition has caused not only a financial and emotional hardship on his family, but, also no nexus exists between the crime for which [Appellant] was convicted or allegation that [Appellant] posed a threat to his own minor children and, therefore, the condition is overly restrictive and not reasonably related to [Appellant's] rehabilitation or the protection of his own minor children?

Appellant's Brief at 2.

At the outset, we note that the trial court and the Commonwealth claim that Appellant's Motion constitutes an untimely motion to modify his sentence under Pennsylvania Rule of Criminal Procedure 720(A)(1). They claim that, since Appellant's judgment of sentence became final on January 29, 2018 and since Appellant did not file the current motion until February 15, 2019, Appellant's motion is untimely and we do not have subject matter jurisdiction to consider the merits of Appellant's claim. *See* Trial Court Opinion, 1/2/20, at 1-7; Commonwealth's Brief at 5-6. We disagree and conclude that we possess subject matter jurisdiction in this case. *See also Commonwealth v. Maldonado-Vallespil*, 225 A.3d 159, 161 (Pa. Super. 2019) ("[t]he

- 4 -

question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*").

At the time the trial court decided Appellant's Motion, 42 Pa.C.S.A. § 9771 declared, in relevant part:

> **§ 9771.  Modification  or  revocation  of  order  of probation**
>
> **(a) General rule.--** The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

42 Pa.C.S.A. § 9771(a) (effective until December 17, 2019).[2]

In this case, Appellant's Motion sought to invoke the trial court's power to, "**at any time**[,] . . . lessen . . . the conditions upon which [the] order of probation [was] imposed."  42 Pa.C.S.A. § 9771(a) (emphasis added). Further, since the trial court possesses the power to lessen the conditions of probation "at any time," it follows that the defendant may file a motion, seeking to invoke the trial court's power, "at any time."  ***See id.***; ***see also Commonwealth v. Nicely***, 638 A.2d 213, 217 (Pa. 1994) ("[a] probation

---

[2] Effective December 18, 2019, 42 Pa.C.S.A. § 9771(a) was amended to read:

> **(a) General rule.--**The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding that a person presents an identifiable threat to public safety.

42 Pa.C.S.A. § 9771(a) (effective December 18, 2019).

order is conditional by its very nature. As such, '[t]he court may at any time . . . lessen or increase the conditions upon which an order of probation has been imposed.' 42 Pa.C.S. § 9771(a). The court below therefore had jurisdiction to modify [the defendant's] probation conditions in order to comply with the General Assembly's mandate that persons on probation contribute to the cost of their supervision").

Simply stated, Appellant's Motion was not a post-sentence motion and Pennsylvania Rule of Criminal Procedure 720 did not control the timing of the motion. Instead, Appellant's Motion was controlled by 42 Pa.C.S.A. § 9771(a) and was timely, as the motion could be filed "at any time." Thus, we possess subject matter jurisdiction to consider the merits of Appellant's claim, which challenges the trial court's refusal to modify the terms of his probation to allow for unsupervised contact with his two minor daughters.

In imposing or modifying an order of probation, a court may require a defendant "[t]o satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." 42 Pa.C.S.A. § 9754(c)(13) (effective until December 17, 2019). As we have held:

> A probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserving the rights of law-abiding citizens to be secure in their persons and property. When conditions are placed on probation orders they are formulated to insure or assist a defendant in leading a law-abiding life.

> Moreover, as long as conditions placed on probation are reasonable, it is within a trial court's discretion to order them.

*Commonwealth v. Houtz*, 982 A.2d 537, 539-540 (Pa. Super. 2009) (citation omitted).

On appeal, Appellant claims that the trial court abused its discretion when it refused "to amend the condition of Appellant's probation that he have 'no unsupervised contact with minors' to exclude his own children." Appellant's Brief at 2. This claim fails.

In *Commonwealth v. Dewey*, the defendant was a 23-year-old male. He furnished alcohol to a 15-year-old female, had sexual intercourse with her, and caused her to become pregnant. *Commonwealth v. Dewey*, 57 A.3d 1267, 1268 (Pa. Super. 2012).

As a result of these actions, the defendant pleaded guilty to corruption of minors and furnishing alcohol to minors; at sentencing, the trial court imposed, as a condition of the defendant's probation, "that [the defendant] be prohibited from having any unsupervised contact with minors," including the child that he fathered with the minor female. *Commonwealth v. Dewey*, 57 A.3d 1267, 1268-1269 (Pa. Super. 2012). On appeal, the defendant challenged the probationary condition that prohibited him from having unsupervised contact with minors. This Court held that, even if the defendant preserved his claim of error, the claim failed because, "based upon the underlying crimes with which [the defendant] was charged, the conditions set on [the defendant's] sentence and [probation were] reasonably related to his

rehabilitation and not unduly restrictive of his liberty as required under 42 [Pa.C.S.A.] § 9754(c)(13)." *Id.* at 1270.

The same is true in the case at bar. Here, Appellant pleaded guilty to multiple counts of possessing and distributing child pornography – and all of the photographs Appellant possessed were of underage girls with adult males. Appellant's children are underage girls and he is an adult male. *See* Hearing, 4/11/19, at 5-6. Therefore, to paraphrase *Dewey*, "based upon the underlying crimes with which [Appellant was convicted], the conditions set on [Appellant's] sentence and [probation were] reasonably related to his rehabilitation and not unduly restrictive of his liberty as required under 42 [Pa.C.S.A.] § 9754(c)(13)." *See Dewey*, 57 A.3d at 1270.

We further note that Appellant presented no evidence during the scheduled modification hearing. Therefore, Appellant presented nothing to substantiate his motion and nothing that would support a claim that the trial court abused its discretion when it denied his motion to modify the terms of his probation.

As such, we conclude that the trial court did not abuse its discretion when it denied Appellant's Motion to Modify Probation and that Appellant's claim on appeal fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/28/2020</u>