J-S77037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL L. HANSEN | : | |
| | : | No. 755 MDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence March 31, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001007-2016

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED DECEMBER 18, 2017**

Appellant Michael L. Hansen appeals from the March 31, 2017, judgment of sentence entered in the Court of Common Pleas of Lancaster County following the revocation of his probation.  After a careful review, we affirm.

The trial court has aptly set forth the facts and procedural history underlying this appeal as follows:

> On February 8, 2017, [Appellant] pled guilty to defiant trespass,[1] conspiracy to commit defiant trespass,[2] criminal mischief,[3] theft by unlawful taking,[4] and two counts of simple assault.[5]  The facts underlying [Appellant's] guilty pleas involve crimes committed by him and/or by others at his direction in the course of [Appellant's] employment as a bail bondsman.  The

---

[1] 18 Pa.C.S.A. § 3503(b)(1)(iii).
[2] 18 Pa.C.S.A. § 903(a)(1); 18 Pa.C.S.A. § 3503(b)(1)(iii).
[3] 18 Pa.C.S.A. § 3304(a)(5).
[4] 18 Pa.C.S.A. § 3921(a).
[5] 18 Pa.C.S.A. § 2701(a).

---

\*   Former Justice specially assigned to the Superior Court.

victim, Lisa Brown, was an indemnitor on a bail bond [Appellant] issued to Joshua Green. On December 8, 2016, [Appellant] and several bounty hunters within his employ ransacked Ms. Brown's apartment and caused damage [to] her personal property. [Appellant] and/or one of his associates also stole Ms. Brown's dog and took it to [Appellant's] office.

[Appellant] returned to Ms. Brown's apartment on December 9, 2016, and unlawfully directed his crew of bounty hunters to take Ms. Brown into custody. While being restrained, handcuffed, and removed from her residence by [Appellant] and his associates, [Ms. Brown] suffered injuries to her neck, back, and wrists. [Appellant] also pointed a shotgun at one or more of Ms. Brown's neighbors that were observing the unlawful arrest to clear them out of the way. [Appellant] confirmed these facts as they were stated on the record at his guilty plea and stated that those were the facts to which he was admitting by pleading guilty.

[Appellant] was initially sentenced to an aggregate term of four (4) years of probation. Prior to sentencing, counsel for [Appellant] requested that it be taken into consideration that [Appellant] would be losing his insurance license, leaving the bail industry, and pursuing a new career. Given the specific facts in this case, including the nature of [Appellant's] conduct and the fact that he committed his crimes while abusing his authority as a bail bondsman and while directing others to do the same, one of the conditions of [Appellant's] probation was that during the term of his supervision, he not be in or associated with the bail bonds business. [Appellant] did not file a post-sentence motion and did not file a direct appeal.

On February 17, 2017, [Appellant's] probation officer observed a public message from [Appellant] on the Facebook page of his bail bonds company stating that his wife had taken over the bailing and that he was managing the office. Additionally, on February 21, 2017, [Appellant] was observed to be behind a desk at the office of Marquette Bail Bonds and wearing an identification badge of the business. [Appellant] stipulated to the probation violation at a hearing on March 31, 2017, and following a revocation of probation, [he] was resentenced to an aggregate term of time served to twelve (12) months of incarceration and a four (4) year term of supervision. It was again made a condition of [Appellant's] supervision that he not be in or associated with the bail bonds business. Additionally, [Appellant] confirmed that, on March 16, 2017, he entered into a consent agreement and voluntarily relinquished his insurance license. [Appellant] did not

file a post-sentence motion, but did filed [*sic*] a [timely] notice of appeal of the March 31, 2017, judgment of sentence[.] [All Pa.R.A.P. 1925 requirements have been met.]

Trial Court Opinion, filed 6/23/17, at 1-4 (footnote containing citations to record omitted).

On appeal, Appellant challenges the trial court's condition of probation directing that he "shall in no way play a role in any bail bondsmen business, even if it is not your own. You shall not be associated in any way with any bail bondsmen business, even your own." N.T., 3/31/17, at 7. Further, that he "shall not…be involved [with] bail bondsmen in any way[.]" Trial Court Sentencing Order, filed 3/31/17. Appellant contends the condition of probation constitutes an "illegal sentence" that is "manifestly unreasonable," not "reasonably related to his rehabilitation," "unduly restrictive of his liberty," and "incompatible with his freedom of conscience." Appellant's Brief at 10, 11.

We must first determine whether Appellant's challenge to this condition imposed on his probation constitutes a challenge to the legality of his sentence or whether it is, instead, a challenge to the discretionary aspects of his sentence. A challenge to the legality of a sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction. **Commonwealth v. Robinson**, 931 A.2d 15, 19-20 (Pa.Super. 2007) (*en banc*). Conversely, when one questions the

discretionary aspects of his sentence, an appeal is not guaranteed as of right. *Id.*

This Court has held that a challenge to the legality of a sentence is essentially a claim that the trial court did not have statutory authority or jurisdiction to impose the sentence that it handed down. *Commonwealth v. Nava*, 966 A.2d 630, 632 (Pa.Super. 2009). This Court has held, however, that a challenge to a condition of probation involves a matter specifically committed to the jurisdiction of the sentencing court under the Sentencing Code, 42 Pa.C.S.A. § 9754(b), and generally constitutes a challenge to the discretionary aspects of a sentence rather than to its legality. *See Commonwealth v. Dewey*, 57 A.3d 1267 (Pa.Super. 2012) (holding claim trial court erred in imposing as condition of probation that the defendant have no unsupervised contact with minors, including his own child, presented challenge to discretionary aspects of sentencing); *Commonwealth v. Houtz*, 982 A.2d 537, 538 (Pa.Super. 2009) (holding challenge to probation condition generally challenges the discretionary aspects of sentence and not the legality of the sentence imposed); *Commonwealth v. Hartman*, 908 A.2d 316, 319 (Pa.Super. 2006) (holding claim trial court erred in placing a condition on a defendant's probation that he not possess or use a computer, own a cell phone or PDA with Internet capabilities, or otherwise access the Internet presented a challenge to the discretionary aspects of his sentence).

In the case *sub judice*, Appellant clarifies that he is not challenging whether the trial court, as a condition of probation, had the authority to preclude him from "act[ing] as a bail bondsman." Appellant's Brief at 11. Rather, he asserts that he is challenging the "overly broad and restrictive" reach of the probation condition that precludes him from being "associated" with bail bondsman or having "any association" with the industry as a whole. *See* Appellant's Brief at 11, 13. We conclude Appellant has raised a challenge to the discretionary aspects of his sentence and not the legality of the sentence the trial court imposed. Accordingly, Appellant is not entitled to an appeal of his sentence as of right, but rather to an allowance of appeal at the discretion of this Court.[6] *See* 42 Pa.C.S.A. § 9781(b).

> Prior to reaching the merits of a discretionary sentencing issue:
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006) (citations omitted).

---

[6] We note that, in an appeal from a sentence imposed after the court has revoked probation, we may generally review "the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and…challenge[s] to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa.Super. 2015).

- 5 -

Here, Appellant filed a timely notice of appeal, but he did not file a post-sentence motion or otherwise preserve his discretionary aspects of sentencing issue in the trial court. **See** Pa.R.Crim.P. 720. Nevertheless, there is no indication in the record that Appellant was advised of his post-sentence rights when he was sentenced following the revocation of his probation. Accordingly, we decline to find waiver on this basis. **See Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa.Super. 2007) ("The courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise Appellant of his post-sentence and appellate rights or misadvised him."); **Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa.Super. 2006) ("Given that Appellant was unaware of the need to preserve claims in a motion for reconsideration, we find that he has not waived those claims on appeal.").

Moreover, Appellant's brief does not contain a Rule 2119(f) statement. The Commonwealth, however, has not objected to this omission. When the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate. **Commonwealth v. Kiesel**, 854 A.2d 530, 533 (Pa.Super. 2004). Although this Court is permitted to overlook a party's failure to provide a 2119(f) statement, it should only do so in situations where the substantial question

presented is evident from the appellant's brief. **Commonwealth v. Saranchak**, 544 Pa. 158, 675 A.2d 268, 277 n.18 (1996).

Here, in developing his appellate argument, Appellant specifically references 42 Pa.C.S.A. § 9754(c)(13) of the Sentencing Code, and he contends the trial court's condition of probation is not consistent therewith. This Court has held that an appellant who challenges a condition of his probation pursuant to Section 9754(c)(13) raises a substantial question. **Dewey**, **supra**; **Hartman**, **supra**. Accordingly, we shall proceed to a review of the merits of the claim.

It is well-settled that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Gonzalez**, 109 A.3d 711, 731 (Pa.Super. 2015) (quotation omitted).

"A probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserving the rights of law-abiding citizens to be secure in their persons and property." **Commonwealth v. Koren**, 646 A.2d 1205, 1208 (Pa.Super. 1994). The trial court has discretion to order any reasonable conditions that are "devised to serve the rehabilitative goals, such as

recognition of wrongdoing, deterrence of future criminal conduct, and encouragement of future law-abiding conduct." ***Commonwealth v. Hall***, 622 Pa. 396, 80 A.3d 1204, 1209 (2013). Section 9754(c)(13) of the Sentencing Code specifically provides that "[t]he court may as a condition of its [probation] order require the defendant:. . .To satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." 42 Pa.C.S.A. § 9754(c)(13).

Upon review of the record, we conclude the trial court did not abuse its discretion in precluding Appellant from being "associated" with bail bondsman or having "any association" with the industry as a whole. In supporting its decision, the trial court relevantly indicated:

> It is worth noting here and emphasizing that [Appellant] not only committed his crimes in the course of his employment as a bail bondsman, but acted in concert with others within the industry. [Appellant] severely abused the authority and privileges granted to him through his employment in the bail bonds industry and encouraged and/or directed others within the industry to do the same. He acted with extreme indifference to the rights of others and proved himself a serious threat to the public and their property, as well as a threat to the reputation of the bail bonds industry. Prohibiting him from being involved in that industry during the term of his supervision is not only rationally related to [Appellant's] rehabilitation, by impressing upon him the seriousness of his crimes and preventing recidivism, but is necessary to protect the public.

Trial Court Opinion, filed 6/23/17, at 10-11.

We find no abuse of discretion. The criminal charges at issue arose from Appellant's association with the bail bonds industry, including directing others

within the industry to participate in his illegal actions. Moreover, the violation of probation arose from Appellant attempting to continue his bail bonds business via his wife while he worked "behind the scenes" and continued to wear a badge at the office. Thus, we conclude the trial court's prohibition upon Appellant from being associated with the industry, as well as associating with people in the industry, for a period of time is rationally related to the trial court's rehabilitative goals.

We note that "a person placed on probation does not enjoy the full panoply of constitutional rights otherwise enjoyed by those who [have] not run afoul of the law." *Koren*, 646 A.2d at 1209 (quotations omitted). "A probation order with conditions placed on it will to some extent always restrict a person's freedom." *Hartman*, 908 A.2d at 321 (citation omitted). In the instant case, the trial court's condition of probation served the important goals of protecting the public and preventing recidivism, and we conclude the trial court did not abuse its discretion in this regard.[7] *See id.*

For all of the foregoing reasons, we affirm.

Affirmed.

---

[7] On appeal, Appellant asserts that the condition of probation has resulted in "far reaching results." *See* Appellant's Brief at 12. In this regard, he suggests generally that the probation condition has resulted in his wife separating from him and a strained relationship with his sister and son. *See id.* However, Appellant's allegations of fact do not appear in the certified record and were made without sufficient development for the first time on appeal. Thus, we decline to review Appellant's averments further.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2017