J-S37011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARNALDO GARCIA, SR. | : | |
| | : | |
| Appellant | : | No. 2709 EDA 2022 |

Appeal from the PCRA Order Entered September 26, 2022
In the Court of Common Pleas of Lehigh County
Criminal Division at CP-39-CR-0002966-2016

BEFORE:    BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 18, 2024**

Arnaldo Garcia, Sr. (Appellant) appeals for the second time from an order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et. seq.* After careful review, we strike the parole conditions from Appellant's sentence and remand for further proceedings before the PCRA court.

<u>TRIAL COURT AND DIRECT APPEAL HISTORY</u>

On August 17, 2017, a jury convicted Appellant of aggravated indecent assault of a child, corruption of minors, and indecent assault of a person less than 13 years of age. On November 20, 2017, the trial court sentenced Appellant to an aggregate term of 8 years and 2 months to 25 years in prison. **See** Order (Order), 11/20/17, at 1-4; **see also** N.T., 11/20/17, at 50-51 (trial court stating "the total sentence in this case is 8 years and 2 months, which works out to 98 months to 25 years"). The trial court did not impose a

probationary sentence. However, the trial court included in the sentencing order a form captioned "LEHIGH COUNTY SENTENCE PROBATION/PAROLE CONDITIONS," and titled "Special Conditions Sheet." Order at 4 (prohibiting Appellant from engaging in certain activities and requiring his participation in various services); *see also* Appellant's Brief at 10 (stating trial court "set numerous conditions of supervision once [Appellant] is released from prison").

Appellant timely appealed. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. A.G., Sr.***, No. 635 EDA 2018 (Pa. Super. filed Feb. 4, 2019) (unpublished memorandum), *appeal denied*, No. 137 MAL 2019 (Pa. Aug. 6, 2019).

PCRA COURT HISTORY

Initial Proceedings (2019-2021)

On November 1, 2019, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed a ***Turner***/***Finley***[1] no-merit letter and motion to withdraw. On January 27, 2020, the PCRA court permitted counsel to withdraw, but declined Appellant's request for appointment of new counsel. Thus, Appellant proceeded *pro se*. On March 18, 2021, the PCRA court entered an order denying relief.

Appellant successfully appealed. This Court noted "procedural peculiarities," and found the PCRA court "failed to enforce Appellant's 'ruled-

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

based right to effective counsel … throughout the entirety of his first PCRA proceeding.'" **Commonwealth v. Garcia**, No. 684 EDA 2021 (Pa. Super. filed Nov. 15, 2021) (unpublished memorandum at 3) (citation omitted). We concluded Appellant's "allegations of ineffectiveness have necessitated the appointment of substitute counsel in the post-collateral context." **Id.** Therefore, we vacated the order denying PCRA relief and remanded for the PCRA court "to appoint substitute counsel to represent Appellant and hold a new hearing." **Id.**

Proceedings Following Remand (2021-2022)

The PCRA court summarized the proceedings after remand as follows:

> On November 18, 2021, the [PCRA c]ourt appointed Robert Sletvold, Esq.[,] and directed him to file an Amended PCRA Petition or a Motion to Withdraw as Counsel. Counsel failed to file either document despite being granted extensions. As a result, the [PCRA c]ourt scheduled a hearing to determine whether counsel had abandoned [Appellant]. On June 9, 2022, the [c]ourt conducted an abandonment hearing. Based on Attorney Sletvold's impending resignation as conflicts counsel, the [c]ourt appointed Alfred Stirba, Esq.[,] on June 14, 2022.
>
> On August 1, 2022, the [c]ourt held a hearing to determine the status of this matter. Counsel advised [that] he intended to pursue the relief originally sought in [Appellant's] PCRA Petition with respect to the assertion that trial counsel allegedly failed to communicate a plea offer to [Appellant]. Consequently, the [c]ourt conducted an evidentiary hearing on September 16, 2022, at which time [Appellant] was represented by Attorney Stirba. Michael T. Gough, Esq., [Appellant's] original trial and plea counsel, testified. At the close of this hearing, the [c]ourt took the matter under advisement.

Order, 9/26/22, at 1 n.i.

On September 26, 2022, the PCRA court entered an order denying relief. The order was served on Appellant (by certified mail) and Attorney Stirba (by e-Service). The record indicates that Attorney Stirba did not seek to withdraw and remains counsel of record in the PCRA court. Nonetheless, Appellant filed a *pro se* notice of appeal.[2]

### *Pro Se* Notice of Appeal

In his notice of appeal, Appellant stated:

> Notice is hereby given that [Appellant], **now *pro se*** defendant in the above-captioned matter, hereby appeals to the Superior Court of Pennsylvania from the PCRA Court order denying relief that was entered September 26, 2022. The final order disposed of [Appellant's] PCRA petition that was remanded by the Superior Court.

*Pro Se* Notice of Appeal, 10/31/22 (single page, emphasis added).

The record does not indicate why Appellant was proceeding *pro se*. It is unclear whether Attorney Stirba abandoned Appellant, or if Appellant wanted to represent himself. Notably, the PCRA court did not conduct a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and

---

[2] This appeal is timely. The order was mailed to Appellant on September 29, 2022, and his notice of appeal was filed on Monday, October 31, 2022. ***See*** Pa.R.A.P. 108(a)(1) (stating that the day of entry of order shall be the day the clerk of court mails or delivers copies of the order to the parties); Pa.R.A.P. 903(a) (directing that a notice of appeal shall be filed within 30 days after entry of the order being appealed); 1 Pa.C.S. § 1908 (stating that when the last day of the appeal period falls on a weekend or legal holiday, that day shall be omitted from the computation of time).

appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.") (citations omitted).

Further, the record indicates the *pro se* notice of appeal was not sent to Attorney Stirba. **See** Pa.R.Crim.P. 576(a)(4) (providing that if a represented defendant submits for filing a notice that has not been signed by his attorney, the clerk of courts **shall** accept it for filing and forward a copy of the time-stamped document to the defendant's attorney and the Commonwealth within 10 days) (emphasis added). **See also** Superior Ct. O.P. § 65.24 (directing that a *pro se* notice of appeal received from the trial court be docketed, even where appellant is represented by counsel); **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (holding that a *pro se* notice of appeal protects a constitutional right and is distinguishable from other filings).

### *Pro Se* Concise Statement

After Appellant filed his *pro se* appeal, the PCRA court ordered him to file a concise statement pursuant to Pa.R.A.P. 1925(b). Order, 10/31/22. The record indicates the order was served on Appellant and the Commonwealth, but not Attorney Stirba. Consequently, Appellant filed his timely concise statement *pro se*.[3]  Therein, Appellant raised claims of PCRA counsel's

---

[3] The unique facts lead us to conclude that Appellant's *pro se* concise statement was not a legal nullity. **See Commonwealth v. Leatherby**, 116 A.3d 73, 79 (Pa. Super. 2015) ("Under the particular circumstances of this case, in which [the appellant] was effectively abandoned by counsel **and** the trial court failed to timely appoint new counsel, [the appellant's] *pro se* filing does not offend considerations of hybrid representation.") (emphasis in original); **cf. Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010)

ineffectiveness, implicating **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (holding "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal").

Appellant claimed:

1. PCRA counsel [wa]s ineffective for failing to raise challenges to the trial court exceeding its statutory authority where it unlawfully imposed to a State parole sentence various "special conditions" that are only authorized to be imposed to sentences of county probation.

2. PCRA counsel [wa]s ineffective for failing to raise claims that all prior counsel [we]re ineffective for failing to preserve and raise claims that Appellant must be resentenced because the trial court imposed unreasonable sentences with consecutive top-end standard ranges[,] and extended all sentences to the statutory maximums, exceeding what was even sought by the prosecution, after it failed to consider and make any findings on mitigating factors and failed to state any reasons for sentences as required by 204 Pa. Code § 303 et seq. and 42 Pa.C.S.[] § 9721(b).

*Pro Se* Statement of Matters Complained of on Appeal, 11/17/22 (single page).

On November 23, 2022, the PCRA court issued an opinion (PCO). Again, service was made on Appellant and the Commonwealth, but not Attorney Stirba. The PCRA court briefly acknowledged Appellant's *pro se* status, stating, "it appears because this is still Appellant's first litigated PCRA that he is entitled to appointment of counsel on appeal. However, Appellant filed the

---

("[A]ppellant was represented by counsel on appeal, so his *pro se* Rule 1925(b) statement was a legal nullity.").

appeal *pro se* and by doing so, he divested the [PCRA c]ourt of jurisdiction to appoint counsel at this juncture."  PCO at 4.[4]

Appearance by Private Counsel & Appellant's IFP Status

On January 11, 2023, Kenneth C. Edelin, Jr., Esq. (Private Counsel), entered his appearance for Appellant with this Court.  The Superior Court docket states: "Entry of Appearance – Private."  **See also** Appellant's Brief at 6 (stating Appellant "subsequently retained the undersigned counsel").  While it appears Appellant (or someone on Appellant's behalf) is paying for Private Counsel's services, the PCRA court record repeatedly shows Appellant proceeding *in forma pauperis* (IFP).

Most recently, when Appellant filed his *pro se* concise statement, he separately filed a *pro se* request for transcript and petitioned the PCRA court to proceed IFP.  **See** *Pro Se* Request for Transcript or Copy, 11/17/22, 1-4 (stating Appellant was "unrepresented" and "will be proceeding *in forma pauperis*"); *Pro Se* Petition For Leave To Proceed *In Forma Pauperis*, 11/17/22, at 1-3.  Appellant averred:

1. I am the plaintiff/defendant in the above matter and because of my financial condition am unable to pay the fees and costs of prosecuting or defending the action or proceeding.

2. I am unable to obtain funds from anyone, including my family and associates.

---

[4] Appellant and the Commonwealth do not address Appellant's *pro se* status or the PCRA court's conclusion that it lacked jurisdiction to appoint counsel. **See** Appellant's Brief at 6; Commonwealth's Brief at 8.

3. I represent that the information below relating to my ability to pay the fees and costs is true and correct[.]

*Pro Se* Petition For Leave To Proceed *In Forma Pauperis*, 11/17/22, at 1. Appellant did not specifically request the appointment of counsel.

On November 29, 2022, the PCRA court issued an amended order stating, "upon consideration of [Appellant's] Request for Transcript, filed November 17, 2022, IT IS ORDERED said request is GRANTED." Amended Order, 11/29/22 (single page).[5] The PCRA court did not address legal representation.

On May 22, 2023, Private Counsel filed Appellant's appellate brief raising the following issues:

I. Did the sentencing court have the legal authority to impose parole conditions on [Appellant] where that power lies exclusively with the Board of Probation and Parole?

II. Did [Appellant] receive ineffective assistance from trial and PCRA counsels where they failed to preserve a challenge to the jury selection process, which did not follow the binding rules on jury selection and, in doing so, permitted the prosecutor to make a plethora of legally incorrect and highly prejudicial statements to the panel of prospective jurors?

Appellant's Brief at 3.

## DISCUSSION

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error.

---

[5] The amended order appears to rectify the incorrect date in an order filed on November 22, 2022, which stated: "AND NOW, this 21st day of October, 2022, upon consideration of [Appellant's] request for transcript, filed November 17, 2022, IT IS ORDERED said request is GRANTED."

***Commonwealth v. Reid***, 99 A.3d 470, 481 (Pa. 2014). In this case, our review continues to be encumbered by procedural missteps in the PCRA court. ***See Garcia, supra*** at 3 (this Court's noting "procedural peculiarities"); N.T., 8/1/22, at 11 (Attorney Stirba's referencing "the weird procedural history").

We conclude that the missteps following remand constitute a breakdown in the court process. ***See Leatherby***, 116 A.3d at 79 (finding the appellant's "*pro se* filing does not offend considerations of hybrid representation," and the appellant "should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court") (citation omitted). This Court may "grant relief in the case of fraud or breakdown in the processes of the court." ***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007), *citing* ***Commonwealth v. Braykovich***, 664 A.2d 133, 136 (Pa. Super. 1995) ("[A]ppellate courts retain the power to grant relief from the effects of a breakdown in the court system[.]").

### I. Appellant's Right to Counsel

"Given the rule-based right to effective assistance of counsel, as well as the crucial nature of post-conviction representation, it is essential that a petitioner possess a meaningful method by which to realize his right to effective PCRA counsel." ***Bradley***, 261 A.3d at 401. When "an indigent, first-time PCRA petitioner [i]s denied his right to counsel—or fail[s] to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011).

Appellant lacked legal representation from the time he filed his *pro se* notice of appeal on October 31, 2022, until Private Counsel entered his appearance in this Court on January 11, 2023. Although Appellant is currently represented by Private Counsel, the PCRA court record shows that Appellant is indigent and has been proceeding IFP.

A "petitioner's right to counsel under the PCRA is established by the Rules of Criminal Procedure." **Commonwealth v. Peterson**, 683 A.2d 908, 910 (Pa. Super. 1996). The "[R]ules of [C]riminal [P]rocedure and interpretive case law" provide Appellant with the "right to representation of counsel for purposes of litigating a first PCRA petition through the **entire appellate process**." **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (emphasis added). Rule 904 provides that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). A petitioner may waive his right to counsel, but the waiver must be knowing and voluntary as established by an on-the-record colloquy. **See Grazier**, 713 A.2d at 82.

Appellant did not waive his right to counsel, and Attorney Stirba remains counsel of record in the PCRA court. The Pennsylvania Supreme Court has emphasized "there is no constitutional right to hybrid representation either at trial or on appeal," and "long-standing policy [] precludes hybrid representation." **Commonwealth v. Jette**, 23 A.3d 1032, 1036-38 (Pa.

-10-

2011). Ordinarily, Appellant's *pro se* concise statement would be a legal nullity. ***Ali***, 10 A.3d at 293 (finding that where appellant was represented by counsel, his *pro se* Rule 1925(b) statement was a legal nullity). However, when Appellant filed his *pro se* notice of appeal, the clerk of courts failed to docket the filing and forward it to Attorney Stirba as required by Pa.R.Crim.P. 576(a)(4). The PCRA court then ordered Appellant to file a Rule 1925(b) concise statement; the order was sent to Appellant but not Attorney Stirba.

This Court was presented with a similar scenario in ***Commonwealth v. Gooden***, No. 2213 EDA 2021 (Pa. Super. filed Feb. 2, 2023) (unpublished memorandum).[6] In ***Gooden***, we determined that "a reflexive application of the rule against hybrid representation would result in a miscarriage of justice where [the a]ppellant appeared to be *pro se* [due to] the PCRA court's [actions]." ***Id.*** at 4. We reasoned:

> In ***Leatherby***, this Court held that a defendant's *pro se* post-sentence motion, that was filed while he remained represented by counsel, was not a legal nullity where there was significant confusion and delay in appointing counsel, and an "administrative breakdown" led to the filing of an untimely appeal. To rectify the breakdown in processes by the lower court in that case, this Court gave effect to [the defendant's] *pro se* post-sentence motion that would have otherwise been barred as prohibitive hybrid representation. [Here, **g]iving effect to [the a]ppellant's *pro se* filings between the dismissal of the PCRA petition and the filing of counsel's no-merit letter on the appellate level . . . would not rectify the confusion caused by the PCRA court's [breakdown**. The appellant's] *pro se* Rule 1925(b) statement only addressed new claims of PCRA counsel's

---

[6] Unpublished decisions of this Court filed after May 1, 2019, "may be cited for their persuasive value." Pa.R.A.P. 126(b).

ineffective assistance pursuant to **Bradley** and the filing presently before us for consideration is a new no-merit letter from counsel which explicitly does not address the claims in the *pro se* Rule 1925(b) statement.

Under these circumstances, we must deem the PCRA court's failure [to be] a breakdown in the operation of the courts. The only appropriate remedy is that we must vacate the dismissal order and direct the PCRA court to rule on the counsel withdrawal motion [before the PCRA court] that was left outstanding. ***See Leatherb[y]***, 116 A.3d at 79 ("[An appellant] should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court."). Following a grant of the withdrawal motion, [the a]ppellant should be provided an opportunity to raise, either as a *pro se* litigant or with the assistance of newly-retained counsel, any PCRA counsel ineffectiveness claims, such as the ones included in his *pro se* Rule 1925(b) statement because, consistent with **Bradley**, that will be his first practical opportunity to do so following the removal of PCRA counsel.

***Id.*** (emphasis added, citation and footnote omitted).

Like the appellant in **Gooden**, Appellant was disadvantaged by a breakdown in the PCRA court process which led to him raising PCRA counsel's ineffectiveness in a *pro se* Pa.R.A.P. 1925(b) concise statement. ***See Commonwealth v. Crumbley***, 270 A.3d 1171, 1175 (Pa. Super. 2022) (stating that under **Bradley**, "layered claims of ineffective PCRA counsel may now be raised for the first time on appeal if that is the earliest practical opportunity to do so"). Our Supreme Court observed that "a failure by PCRA counsel to identify and properly litigate meritorious claims could be fatal to relief." **Bradley**, 261 A.3d at 403. The Court further opined:

[P]reserving claims of PCRA counsel's ineffectiveness on collateral review is the best way to realize both a petitioner's right to effective PCRA counsel and our citizens' interest in the efficient and final conclusion of criminal matters. Specifically, we find that

-12-

a review paradigm allowing a petitioner to raise claims of PCRA counsel's ineffectiveness at the first opportunity when represented by new counsel, even if on appeal, while not an ideal solution, accommodates these vital interests. Fully cognizant of the difficulties discussed above associated with requiring PCRA counsel himself, or a *pro se* petitioner, to raise claims of PCRA counsel's ineffectiveness, we hold that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.

\*\*\*

[A]n appellate court will not be tasked with developing the record or acting as a court of original jurisdiction. Rather, appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record.

**Bradley**, 261 A.3d at 401, 402-03.

Here, the PCRA court accepted Appellant's *pro se* notice of appeal and *pro se* concise statement (and issued an opinion), without ascertaining Attorney Stirba's status and ensuring that Appellant was afforded his right to "**appropriate [PCRA] counsel,** *i.e.*, counsel that can and will raise potentially meritorious claims." **Commonwealth v. Wooden**, 215 A.3d 997, 1000 (Pa. Super. 2019) (bold in original, citation omitted). As Appellant was again "deprived of his right to counsel throughout the entirety of his first PCRA proceeding," **Garcia**, **supra** at 3, we are compelled to remand the case to the PCRA court. **See Commonwealth v. Andress**, No. 586 WDA 2020 (Pa. Super. filed July 1, 2021) (unpublished memorandum at 3) (vacating the PCRA order and remanding for the appellant/petitioner to "proceed in the 'same position he was in' prior to the breakdown in the court process that began when the PCRA court failed to appoint counsel") (citation omitted).

On remand, within 7 days of the date this decision is filed, the PCRA court shall order the withdrawal of Attorney Stirba as Appellant's counsel of record in the PCRA court.[7]  The PCRA court shall then determine whether Appellant wishes to proceed *pro se* or with counsel.  If Appellant wishes to proceed *pro se*, the PCRA court shall make a determination after conducting a ***Grazier*** hearing.  If Appellant desires representation, the PCRA court shall determine whether Appellant remains indigent, and if so, appoint "appropriate counsel."  ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1274 (Pa. 2007).  In ***Bennett***, our Supreme Court explained:

> [I]t can be assumed that the PCRA court will appoint appropriate counsel, *i.e.*, counsel that can and will raise potentially meritorious claims.  In this same vein, while the performance of PCRA counsel is not necessarily scrutinized under the Sixth Amendment, the performance of counsel must comply with some minimum norms, which would include not abandoning a client for purposes of appeal.  ***See[,] e.g.***, ***Commonwealth v. Albrecht***, … 720 A.2d 693 ([Pa.] 1998); ***see also*** Pa.R.Crim.P. 904(F)(2) (providing for the appointment of counsel *throughout* post-conviction proceedings including any appeal).

---

[7] Attorney Stirba represented Appellant at the hearing on September 16, 2022 hearing.  On September 29, 2022, Attorney Stirba received e-Service of the PCRA court's September 26, 2022 order denying relief.  This is the last mention of Attorney Stirba on the PCRA court docket.  Appellant subsequently filed his *pro se* notice of appeal, followed by his *pro se* concise statement raising claims of PCRA counsel's ineffectiveness pursuant to ***Bradley***.  As this was Appellant's first opportunity to challenge Attorney Stirba's effectiveness, ***see Bradley***, 261 A.3d at 401, Appellant is entitled to new counsel.  ***See Gooden***, ***supra*** at 4 ("Appellant should be provided an opportunity to raise, with the assistance of newly-retained counsel, any PCRA counsel ineffectiveness claims, such as the ones included in his *pro se* Rule 1925(b) statement because, consistent with ***Bradley***, that will be his first practical opportunity to do so following the removal of PCRA counsel.").

***Bennett***, 930 A.2d at 1274 (italics in original).

If Appellant is indigent and desires the appointment of counsel, the PCRA court shall consider whether Appellant wants Private Counsel to continue to represent him. If so, the PCRA court shall determine the feasibility of appointing Private Counsel to represent Appellant. Otherwise, the PCRA court shall appoint new counsel for Appellant.

After deciding who will represent Appellant, the PCRA court shall issue an order detailing the updated status of Appellant's representation within 30 days of the filing date of this decision. The PCRA court shall also issue an order directing Appellant to file a counseled, supplemental Rule 1925(b) statement within 21 days of the order.[8] Within 30 days of receiving Appellant's supplemental Rule 1925(b) statement, the PCRA court shall issue a responsive, supplemental opinion pursuant to Pa.R.A.P. 1925(a). The record shall then be transmitted to this Court for disposition. If new counsel is appointed, he or she shall enter appearance in this Court. This Court will issue a briefing schedule upon receipt of the record.

Remand notwithstanding, we address Appellant's meritorious legality of sentence issue.

## II. *Legality of Sentence Issue*

In his concise statement and brief, Appellant challenges the trial court's authority to impose parole conditions at sentencing. "The matter of whether

---

[8] If Appellant desires to proceed *pro se* and is permitted to do so after a ***Grazier*** hearing, this Court will accept Appellant's *pro se* concise statement (and the PCRA court's PCO) in conducting review following remand.

the trial court possesses the authority to impose a particular sentence is a matter of legality." ***Commonwealth v. Dennis***, 164 A.3d 503, 510 (Pa. Super. 2017) (citation omitted). Challenges to the legality of the sentence are never waived. ***See, e.g.***, ***Commonwealth. v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005). "An appellate court may address, and even raise *sua sponte*, challenges to the legality of an appellant's sentence even if the issue was not preserved in the trial court." ***Commonwealth v. Armolt***, 294 A.3d 364, 376 (Pa. 2023) (citation omitted). "This means that a court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." ***Berry***, ***supra*** (citation omitted).

The Commonwealth agrees that "the lower court [wa]s without authority to impose parole conditions in this case." Commonwealth's Brief at 9. Appellant explains:

> The court lacked the statutory authority to impose those parole conditions because [Appellant] received a state sentence. That power lies with Pennsylvania's Board of Probation & Parole [(PBPP)]. As a result, the lower court's sentence is illegal, a claim that [Appellant] cannot waive.

Appellant's Brief at 9.

Appellant asserts the PCRA court improperly "justified [Appellant's] sentencing order by citing 42 Pa.C.S. § 9754(b) and ***Commonwealth v. Koren***, 646 A.2d 1205 (Pa. Super. 1994)," which "are inapposite to [Appellant's] matter." ***Id.*** at 11-12 (citing PCO at 6). Appellant emphasizes

-16-

that Section 9754(b) and **Koren** involve probation conditions, and neither authority "deal[s] with parole conditions." **Id.** at 12.

The PCRA court claims the parole conditions "were appropriate, and were well within the [c]ourt's authority and discretion to impose." PCO at 6-7 (citing **Commonwealth v. Dewey**, 57 A.3d 1267 (Pa. Super. 2012)). The PCRA court's reliance on **Dewey** is misplaced. The defendant in that case was serving a county sentence of 6 to 12 months' incarceration. **Id.** at 1268. Generally, when a maximum sentence is less than two years, the sentencing judge has jurisdiction over parole. 42 Pa.C.S. § 9775 (stating that when sentencing court grants county parole, "parole shall be without supervision by the board"); **see also** 61 Pa.C.S. § 6132(a)(2)(ii) (stating PBPP "powers and duties . . . shall not extend to persons sentenced for a maximum period of less than two years and shall not extend to those persons committed to county confinement within the jurisdiction of the court").

Conversely, the Parole and Probation Code provides that when an inmate is serving a state sentence of more than two years, the PBPP has "**exclusive** power to . . . establish special conditions of supervision for paroled offenders." 61 Pa.C.S. § 6132(a)(3) (emphasis added).

This Court explained:

> In [**Commonwealth v. **]**Mears**, [972 A.2d 1210 (Pa. Super. 2009),] we recognized expressly that "'the Pennsylvania Board of Probation and Parole has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years[.]'" Therefore, any condition the sentencing court purported to impose on [an a]ppellant's state parole is advisory only." **See [id.]** at 1211 (quoting

-17-

> ***Commonwealth v. Camps***, 772 A.2d 70, 74 (Pa. Super. 2001)).
> The conclusion we reached in ***Mears*** is currently codified at 61
> Pa.C.S.[] §§ 6132(a) and 6134(b)(1), (2) ("A recommendation
> made by a judge under paragraph (1) respecting the parole or
> terms of parole of a person shall be advisory only.  No order in
> respect to the recommendation made or attempted to be made as
> a part of a sentence shall be binding upon the board in performing
> the duties and functions conferred on it by this chapter.").

***Commonwealth v. Coulverson***, 34 A.3d 135, 141–42 (Pa. Super. 2011).

We held, "to the extent the trial court purported to impose conditions of parole

in its sentencing order, those conditions and the order exceed[ed] the bounds

of the court's authority and are subject to *vacatur,* which we hereby direct."

***Id.*** at 142.

We likewise conclude that the trial court improperly imposed parole

conditions as part of Appellant's sentence.  Appellant requests "this Court

vacate his judgment of sentence and remand for resentencing.  In the

alternative, he requests this Court to strike the conditions from his judgment

of sentence."  Appellant's Brief at 13.  Advocating for the latter, the

Commonwealth states:

> "An appellate court may affirm, modify, vacate, set aside or
> reverse any order brought before it for review[.]"  42 Pa.C.S.[] §
> 706.  Here, this Court may simply strike any parole conditions
> imposed by the lower court from [Appellant's] sentence.  Because
> this would not alter [Appellant's] sentencing structure, a remand
> is unnecessary.  ***See Commonwealth v. Thur***, 906 A.2d 552,
> 569 (Pa. Super. 2006) (explaining that, if Superior Court decision
> does not alter the overall sentencing scheme, remand is not
> required).

Commonwealth's Brief at 10.

We agree with the Commonwealth. Therefore, we strike the parole conditions from the November 20, 2017 sentencing order.

CONCLUSION

The illegal parole conditions in the November 20, 2017 sentencing order are stricken.

In addition, a breakdown in the PCRA court process warrants remand for further proceedings with the following instructions:

> The PCRA court shall ensure that Attorney Stirba's appearance is withdrawn from the PCRA court record within 7 days of the filing date of this decision;

> The PCRA court shall determine (and conduct any proceedings necessary to determine) whether Appellant desires legal representation and whether Appellant is indigent and entitled to appointed counsel;

> If Appellant is IFP and entitled to the appointment of counsel, the PCRA court shall appoint appropriate counsel (Private Counsel or another attorney) to represent Appellant;

> The PCRA court shall enter an order detailing its determination regarding Appellant's representation within 30 days of the filing date of this decision;

> If Appellant is represented by counsel, the PCRA court shall order the filing of a supplemental Rule 1925(b) concise statement within 21 days; within 30 days of receiving the supplemental Rule 1925(b) statement, the PCRA court shall issue a responsive, supplemental Rule 1925(a) opinion;

> If new counsel is appointed, he or she shall enter appearance in this Court;

> Upon completion of all remand instructions, the record shall be transmitted to the Superior Court for disposition.

Parole conditions stricken from the November 20, 2017 sentencing order.  Case remanded with instructions for further PCRA proceedings.  Panel jurisdiction retained.